11-2641-ag
Zhu v. Holder

BIA
A078 444 682

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of May, two thousand twelve.

PRESENT:
>       PETER W. HALL,
>       DEBRA ANN LIVINGSTON,
>       DENNY CHIN,
>           *Circuit Judges.*

_____

XIAO JUN ZHU,
>       *Petitioner,*

>       v.                                          11-2641-ag
>                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Zhou Wang, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Anthony C. Payne, Senior
                         Litigation Counsel; Ali Manuchehry,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Jun Zhu, a native and citizen of the People's Republic of China, seeks review of a June 2, 2011, decision of the BIA denying her motion to reopen her removal proceedings. *In re Xiao Jun Zhu*, No. A078 444 682 (B.I.A. June 2, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zhu's motion to reopen, filed in October 2010, was untimely because the BIA issued a final order of removal in October 2005. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

Zhu contends that her recent church attendance in the United States, coupled with the Chinese government's crackdown on underground churches in her home province of Fujian, constitutes a material change in country conditions excusing the untimeliness of her motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). As the government points out, however, Zhu fails to contest the BIA's finding that her church attendance in the United States reflects a change in personal circumstances and not country conditions, and that, as a result, she has waived any challenge to this determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (noting that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal). Moreover, as the BIA found, such a change in personal circumstances is not sufficient to overcome the time limit on a motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (making clear that the time and numerical limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States"); *Yuen Jin v. Mukasey*,

2

538 F.3d 143, 155 (2d Cir. 2008) (concluding that the system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (e.g., by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application").

Because the BIA did not reach the issue of Zhu's *prima facie* eligibility for relief and the BIA's finding regarding conditions in the China was dispositive of the motion to reopen, we decline to consider Zhu's arguments concerning the adequacy of her *prima facie* showing.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk